CLARENCE L. COLE, APPELLANT, v. EMERSON L. RICHARDS, RESPONDENT.

Submitted May 29, 1931—Decided February 1, 1932.

For the appellant, *Lee F. Washington*.

For the respondent, *Bourgeois & Coulomb*.

The opinion of the court was delivered by

DALY, J.   The plaintiff sued the defendant for slander; the action was tried in the Supreme Court (Atlantic Circuit); the trial judge allowed a judgment of nonsuit at the conclusion of the testimony produced by the plaintiff; the plaintiff appeals.

The plaintiff is a practicing lawyer of the state; so also is the defendant.   The complaint alleges that the defendant who is a member of the senate of the State of New Jersey, "on the floor of the senate, in open session, said, in substance, of and concerning plaintiff, who at the time was, and now is, a member of the bar of said state and pursuing the general practice of law, that he, plaintiff, 'forged my [defendant's] name to a paper in the Court of Errors and Appeals and was rebuffed for it.' "

If that were all, then even though it could be proved that the alleged statement had been made; and further could be proved that it was false, the defendant could not be held

accountable in money damages because article 4, section 4, paragraph 8, of the state constitution, declares that "members of the senate and general assembly shall, in all cases * * *; and for any speech or debate, in either house, they shall not be questioned in any other place."

The complaint further charges, however, that the statement alleged to have been made by the defendant on the floor of the senate was repeated by the defendant in public and in the presence of at least one citizen. The trial judge held in effect that proof there was not produced by the plaintiff which would justify a jury in finding that such was the fact. An examination of the testimony constrains the conclusion that the trial judge was right.

It may be noted that defendant admits the truth of paragraph 5 of plaintiff's complaint which asserts that: "Plaintiff did not at any time forge defendant's name to any paper in the Court of Errors and Appeals."

The concluding paragraph of plaintiff's complaint is as follows:

"7. No one who heard the statement made or read it in the newspapers which published it, believed it to be true, and, therefore, plaintiff has been damaged in his name and reputation to the extent of only six cents, for which amount he prays judgment."

The plain meaning of this paragraph is a declaration of the plaintiff that there was no actual injury to his reputation; there was no actual damage suffered by him. And, yet, the gist of the action for slander is injury to the reputation; injury to the reputation is the essential ground of the action in point of law, without which there would be no cause of action.

The judgment below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.